Davida **WHITTAKER**, as the next friend of Dominique Whittaker, Plaintiff,

v.

**DISTRICT OF COLUMBIA,**
**et al., Defendants.**

No. CIV.A. 01–1403.

United States District Court,
District of Columbia.

March 14, 2005.

Gregory L. Lattimer, Esquire, Washington, D.C., for Plaintiff.

Robert A. DeBerardinis, Jr. Esquire, David A. Branch, Esquire, for Defendant.

### MEMORANDUM OPINION AND ORDER

DEBORAH ANN ROBINSON, United States Magistrate Judge.

On October 31, 2003, the court (Penn, J.) granted Plaintiff's Motion for Default Judgment Against Defendant Dorothy Shepherd.[1] *See* October 31, 2003 Order (Docket No. 79) at 1. By a February 11, 2004 Memorandum Order, the court, with the consent of the parties, referred this action to the undersigned for all purposes. *See* February 11, 2004 Memorandum Order (Docket No. 83) at 1. At a scheduling conference on March 2, 2004, the undersigned scheduled an evidentiary hearing with respect to the amount of the judgment against defendant Shepherd for May 10, 2004. On May 7, 2004, the undersigned granted Plaintiff's motion to continue the evidentiary hearing to May 27, 2004. On May 21, 2004, the Attorney General, D.C., then still known as Corporation Counsel, D.C., filed the pending Motion of Defendant Dorothy Shepherd to Vacate Default Judgment (Docket No. 85). As background for delaying its advocacy on behalf of defendant Shepherd until nearly three years after the complaint was filed, the Attorney General, D.C., states simply that "due to a potential conflict of interest [the] [Office of Corporation Counsel] determined that it could not represent Mrs. Shepherd and individuals connected with the D.C. Department of Corrections." Memorandum of Points and Authorities in Support of Motion to Vacate

---

1. During the period relevant to the plaintiff's complaint, defendant Shepherd was the In-School Suspension Coordinator at W. Bruce Evans Middle School. The events which spawned this litigation are summarized in the memorandum opinions which accompanied the orders granting summary judgment in favor of defendant District of Columbia. *See* October 17, 2003 Memorandum Opinion (Docket No. 78) at 2–3; November 8, 2002 Memorandum Opinion (Docket No. 65) at 2–3. The background of the litigation which is set forth in those opinions is incorporated herein by reference.

Default Judgment at 1.[2] The Attorney General, D.C., argues that the default judgment against defendant Shepherd should be set aside pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure for "excusable neglect." *Id.* at 4–5.[3] The Attorney General, D.C., argues that three factors warrant the grant of its motion: (1) defendant Shepherd "plainly has a meritorious defense";[4] (2) defendant Shepherd's default "[w]as [n]ot the [r]esult of [c]ulpable [c]onduct"; and (3) Plaintiff "would not be prejudiced in the event that the default is vacated." *Id.* at 5–7.

Plaintiff, in her opposition, submits that the Attorney General, D.C., has failed to satisfy the rigorous Rule 60 standard. More specifically, Plaintiff maintains that (1) no credible explanation has been offered for defendant Shepherd's "unresponsive[ness]" prior to January, 2004;[5] (2) no defense, meritorious or otherwise, has ever been offered; and (3) the delay which the grant of the motion would occasion "would be extremely prejudicial" to plaintiff. Plaintiff's Opposition at 2–6.

In a two-page reply, the Attorney General, D.C., responds to only two of the three considerations addressed by plaintiff. First, the Attorney General submits that defendant Shepherd has a meritorious defense because "[t]here is absolutely no evidence that Ms. Shepherd ever requested or even remotely suggested ... that the students be abused[,]" and that plaintiff "did not testify that Ms. Shepherd was ever in a position to intervene on his behalf." Reply of Defendant Dorothy

Shepherd to Opposition to Motion to Vacate Default Judgment ("Defendant's Reply") (Docket No. 93) at 1. Second, the Attorney General submits that plaintiff "fails to identify any actual prejudice that would result" from the grant of the motion to vacate the default judgment against defendant Shepherd. *Id.* at 2.

## DISCUSSION

This court has recognized that

> [d]efault judgments are generally disfavored by courts, because entering and enforcing judgments as a penalty for delays in filing is often contrary to the fair administration of justice.

*Int'l Painters and Allied Trades Union and Industry Pension Fund v. H.W. Ellis Painting Co., Inc.,* 288 F.Supp.2d 22, 25 (D.D.C. 2003) (citation omitted). Nonetheless, "[t]he decision whether a default judgment should be set aside is ... committed to the sound discretion of the trial court." *Id.* at 25–26 (citations omitted); *see also U.S. v. Property Identified as 25 Pieces of Assorted Jewelry,* No. CIV.A. 95–1803, 1996 WL 724938, at *2 (D.D.C. December 4, 1996).

Rule 60 of the Federal Rules of Civil Procedure provides, in pertinent part, for relief from a final judgment for, *inter alia,* "mistake, inadvertence, surprise, or excusable neglect[.]" FED. R. CIV. P. 60(b)(1); *see also Int'l Painters,* 288 F.Supp.2d at 26. The factors to be considered in the determination of whether to set aside a default judgment are whether

**2.** Corporation Counsel entered its appearance on June 26, 2001, but expressly represented only the District of Columbia in the interim. The court dismissed plaintiff's common law claims against defendant District of Columbia on November 8, 2002, and dismissed plaintiff's constitutional and Section 1983 claims against defendant District of Columbia on October 17, 2003. *See* October 17, 2003 Order (Docket No. 77) at 1; November 8, 2002 Order (Docket No. 66) at 1.

**3.** The Attorney General submits that "Mrs. Shepherd's actions [from the date on which she was served with the summons and complaint through the date the default judgment was entered] fit the accepted standard for the vacating of a default judgment[,]" and "constitute excusable neglect." *Id.* at 4. However, the memorandum in support of the motion is silent with respect to the inac-

tion of Corporation Counsel during the same period. *See* n. 1, *supra; see also* Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Vacate Default Judgment ("Plaintiff's Opposition") (Docket No. 91) at 1–2.

**4.** The Attorney General fails to articulate what the "meritorious defense" is; nor has Attorney General sought leave to file an answer on behalf of defendant Shepherd in which any defense is pled.

**5.** Plaintiff observes that "Defendant Shepherd was totally unresponsive in this case until January, 2004, and even then, she failed to file an answer, she failed to move to vacate and in fact, she agreed to have the issue of damages heard before this Court." Plaintiff's Opposition at 3.

(1) the default was willful, (2) the alleged defense was meritorious, and (3) a set-aside would prejudice plaintiff.

*Id.* (citation omitted). However, this court has cautioned that "an absence of prejudice to plaintiff does not in itself entitle defendant to relief from the judgment[,]" and has held that the court has discretion to deny a motion to vacate a default judgment "if [the court] is persuaded that the default was willful and that the defaulting party has no meritorious defenses." *Id.* at 31.

The undersigned finds that defendant Shepherd's default was willful, and that no defense available to defendant Shepherd has been identified by the Attorney General, D.C. Accordingly, the Motion of Defendant Dorothy Shepherd to Vacate Default Judgment will be denied.

### 1. *Willfulness of Default*

■ This court has held that "[t]he boundary of willfulness lies somewhere between a negligent filing error ... and a deliberate decision to default[.]" *Int'l Painters*, 288 F.Supp.2d at 26 (citation omitted). The Attorney General, D.C., entirely ignores the precedent in this district which contemplates that a motion to set aside a default judgment pursuant to Rule 60(b)(1) be supported by a showing that the default was not willful. Instead, with no citation of relevant authority, the Attorney General, D.C., argues that the default judgment against defendant Shepherd should be set aside because the default "[w]as [n]ot the [r]esult of [c]ulpable [c]onduct[.]" Defendant's Memorandum at 5.[6]

The undersigned finds that no authority supports the proposition that the absence of "culpable conduct" is a component of the applicable standard. The effort of the Attorney General, D.C., to persuade the court "that non-culpable conduct was the reason for the default[,]" *see* Defendant's Memorandum at 5, is therefore entirely misplaced.

Applying the proffered explanation to the first element of the applicable standard, the undersigned finds that defendant's default can only be characterized as willful. The suggestion by the Attorney General, D.C., that defendant Shepherd was "unable" to obtain counsel "because of her mistaken impression that she would have to compensate her attorney" simply is not credible, given defendant Shepherd's acknowledgment of the offer of the Office of Corporation Counsel to pay her attorney's fees at a rate of up to $200.00 per hour. *See* Defendant's Memorandum, Affidavit of Dorothy Shepherd (Exhibit 2) and July 23, 2002 Letter from the Office of the Corporation Counsel to Dorothy Shepherd–Simpkins (Exhibit 1).[7]

Further precluding any reasonable inference that defendant Shepherd's default was other than willful is the filing of the motion to set the default aside by the very counsel which has participated in this litigation from its inception, but steadfastly has declined to represent defendant Shepherd until the eve of the hearing on damages. The Attorney General, D.C., never addresses the belated reversal of its prior determination that "it cannot provide representation to you in these matters based on a potential conflict of interests." Defendant's Memorandum, Exhibit 1. Nor does the Attorney General point to any communication with defendant Shepherd, or

---

**6.** The Attorney General cites *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir.1982), as authority for the standard it urges the court to adopt. *See* Defendant's Memorandum at 5–6. However, in *Farnese*, the defendant moved to set aside the default pursuant to Rule 55(c), rather than Rule 60(b)(1). Moreover, the Third Circuit, in the decision rendered nearly 23 years ago, did not articulate a standard any different from the one articulated by this circuit in recent years; rather, the Third Circuit remanded the case for further findings. *Farnese*, 687 F.2d at 765–66.

**7.** Defendant Shepherd's assertion that she attended "the various conferences set by the court related to the default judgment" but nonetheless

"have not understood how I could help myself" (Affidavit, ¶ 6) is belied by her unequivocal responses to the court's inquiries regarding her understanding of the status of the case. *See, e.g.,* February 11, 2004 Memorandum Order (Docket No. 83) at 1; January 12, 2004 Memorandum Order (Docket No. 82) at 1. The statement of the Attorney General, D.C., that defendant Shepherd's "educational background is somewhat limited" (Defendant's Memorandum at 3 n. 1) is undermined by the acknowledgment of the position of responsibility— including the responsibility to utilize written communications to arrange "field trips" which defendant Shepherd held. *See* n. 1, *supra.*

any colloquy with the assigned United States District Judge, in which defendant Shepherd's supposed inability to obtain counsel is addressed.[8] The Attorney General, D.C., does not even attempt to address the lapse of seven months from the court's grant of plaintiff's motion for entry of a default judgment against defendant Shepherd to the filing of the motion to set aside the default judgment.

For these reasons, the undersigned finds that the explanation proffered by the Attorney General, D.C., does not serve to demonstrate the absence of willfulness by defendant Shepherd. Instead, the proffered explanation reflects a "calculated decision" made by the Attorney General, D.C., and its predecessor. *See Anderson v. Chevron Corp.*, 190 F.R.D. 5, 10 (D.D.C.1999).[9]

### 2. *Absence of Meritorious Defense*

■ The Attorney General, D.C., has failed to articulate what "meritorious defense" is available to defendant Shepherd. In the memorandum in support of its motion, the Attorney General, D.C., states simply that the letter written by defendant Shepherd

> merely requested that the students be allowed to tour the facility. No request was made for anything but a tour. See letter, Exhibit 3. As a result, defendant Shepherd plainly has a meritorious defense.

Defendant's Memorandum at 5. In its reply, the Attorney General, D.C., asserts that

> [there is absolutely no evidence that Ms. Shepherd ever requested or even remotely suggested to the officers that the students be abused. [Plaintiff] did not testify that Ms. Shepherd was ever in a position to intervene on his behalf. As a result, Ms.

Shepherd enjoys a meritorious defense in this case.

Defendant's Reply at 1.[10]

> "A defendant's allegations are considered meritorious if they contain 'even a hint of a suggestion' which, if proven at trial, would constitute a complete defense[.]" *Int'l Painters*, 288 F.Supp.2d at 28 (citation omitted). The undersigned finds that the Attorney General, D.C., has failed to proffer allegations which, if proven, "would constitute a complete defense[.]" Rather, the Attorney General proffers what properly may be construed as, at best, a general denial of the allegations against her. No authority supports the proposition that a mere general denial of a plaintiff's allegations may be deemed a "meritorious defense" in the context of the evaluation of a motion to set aside a default judgment pursuant to Rule 60(b)(1). Accordingly, the undersigned declines to do so here.

### CONCLUSION

For the foregoing reasons, the undersigned finds that the Attorney General, D.C., has failed to demonstrate, in accordance with the standard articulated by this court, that the default judgment against defendant Shepherd should be set aside pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. It is therefore

**ORDERED** that the Motion of Defendant Dorothy Shepherd to Vacate Default Judgment (Docket No. 85) is **DENIED**.

---

**8.** The Attorney General does not dispute that "[a]t no time during any of the proceedings before this Court did Ms. Shepherd ever exhibit an inability to understand the proceedings or the process. She conferred frequently with [the assigned Assistant Corporation Counsel] during the hearing[s] and answered all of this Court's questions appropriately during the prior proceedings.. . [N]ot a single lawyer who supposedly reviewed the letter is identified." *See* Plaintiff's Opposition at 3.

**9.** This court has recognized that in some circumstances, "the consequences resulting from the deliberate choices" of counsel who previously

represented a defendant may warrant relief under Rule 60(b)(6). *Anderson*, 190 F.R.D. at 11–12. *Anderson* and the instant case are distinguishable in that here, the Attorney General, D.C., was not defendant Shepherd's counsel of record at the time the default judgment was entered. However, the undersigned finds that the circumstance presented here is rendered far less compelling than in *Anderson* because counsel seeks to relieve itself of its own litigation decision.

**10.** *See* n. 1, *supra.*